# IN THE COURT OF APPEALS OF IOWA

No. 20-1430
Filed March 3, 2021

**IN THE INTEREST OF S.J.,**
**Minor Child,**

**C.J., Mother,**
　　Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Dusty Lea Clements of Clements Law and Mediation, Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Meegan M. Keller of Keller Law Office, Altoona, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, S.J. The mother claims (1) termination is not in S.J.'s best interest, (2) S.J.'s placement with the father should preclude termination, and (3) the juvenile court should have granted the mother additional time to work toward reunification. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interest, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020). Finally, we address any additional claims brought by the mother. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020).

Here, the court found grounds authorizing termination pursuant to Iowa Code section 232.116(1)(e) and (f) (2020). The mother conceded S.J. could not be returned to her care at the time of the termination hearing, which serves as a basis for termination. *See* Iowa Code § 232.116(1)(f)(4). And the mother does not

challenge the statutory grounds for termination on appeal. So we need not address this step of our analysis.

We move on to the second step in our analysis, which requires us to determine whether termination is in S.J.'s best interest. We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The mother argues termination is not in S.J.'s best interest. We disagree. We look to the mother's past performance as an indicator of the care she is likely to provide in the future. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). And the mother's past performance raises substantial concerns about the future. She has struggled both with methamphetamine abuse and admitting she has a substance-abuse problem. While we commend the mother's recent realization that she has a substance-abuse problem, her history gives us little confidence that her relationship with methamphetamine is over.[1] Moreover, throughout the life of this case, the mother has been unreliable. A social worker testified the mother attended just thirty-nine percent of visits with S.J. that were offered to her. S.J.

---

[1] The mother entered substance-abuse treatment roughly two weeks prior to the termination hearing even though this case had been open for eighteen months. And she admitted she was using methamphetamine daily just prior to entering treatment.

deserves more. She deserves stability, permanency, and predictability, which she can only get through termination. Termination is in S.J.'s best interest.

We move to our third step, whether we should apply a section 232.116(3) exception to preclude termination. The mother argues termination is not necessary because S.J. was in the father's custody at the time of the termination hearing. From this, we infer she is attempting to invoke section 232.116(3)(a), which authorizes the juvenile court to forgo termination if "[a] relative has legal custody of the child." But section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing an exception rests with the mother. *See A.S.*, 906 N.W.2d at 476.

But the mother does not provide a compelling argument. She simply argues nothing much would change for S.J. since she will remain in her father's custody regardless of whether the mother's rights are terminated. This argument shows the mother's lack of insight into S.J.'s inherent need for permanency. Our Code recognizes certain timelines for these proceedings. *See, e.g.*, Iowa Code § 232.116(1)(e)(2), (f)(3). These timelines exist because we cannot hold children in limbo indefinitely. *See Z.P.*, 948 N.W.2d at 523. And forgoing termination would only subject S.J. to continued, unjustified limbo. So we decline to apply section 232.116(3)(a).

Finally, we address the mother's argument that she should be given an additional six months to work toward reunification. The juvenile court *may* defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no

longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We agree with the juvenile court that the mother should not be given additional time to work toward reunification.

The mother argues she will be in a position for S.J. to return to her care once she completes her inpatient treatment program. We believe the mother when she stated, "I'm trying really hard, and I want nothing more than to get my kid back in my care." But we also recognize the cruel reality of substance abuse. Relapse is not unlikely. Even assuming the mother completes her substance-abuse treatment in six months' time, she would not have sufficient time to demonstrate lasting sobriety to permit reunification. *See J.P.*, 2020 WL 110425, at *2 (finding the children could not be returned to the father's care when he had a history of consistent methamphetamine use and a short period of sobriety because "we fear[ed] relapse [was] likely"). While this may seem harsh, we note the mother waited eighteen months before entering substance-abuse treatment. So she had time to address the barriers to reunification. She simply failed to use the time available to her. And now we cannot point to any specific and lasting change we anticipate will occur within the next six months that would facilitate reunification and warrant granting additional time.

For the foregoing reasons, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**